IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TRACY ANTHONY MILLER, | : | |
| | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:23-CV-409-TES-CHW |
| | : | |
| BOSTIC NURSING CENTER, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

# ORDER

Plaintiff Tracy Anthony Miller, an individual currently housed at the Bostick Nursing Center in Milledgeville, Georgia, has filed a *pro se* Complaint seeking relief under 42 U.S.C. § 1983 (ECF No. 1), an Amended Complaint (ECF No. 4), and a motion to supplement his Amended Complaint (ECF No. 5). In addition, Plaintiff seeks leave to proceed *in forma pauperis* (ECF No. 2) and has filed a motion for appointed counsel (ECF No. 7). For the following reasons, Plaintiff is **ORDERED** to recast his Complaint on the Court's standard form to include only related claims. Plaintiff's motion to amend is **DENIED as moot**, and his motion for appointed counsel is also **DENIED**. The Court defers ruling on Plaintiff's motion to proceed *in forma pauperis* until Plaintiff files his recast complaint.

## MOTION FOR APPOINTED COUNSEL

Plaintiff has moved for appointed counsel in this case (ECF No. 7). As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's

claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

But "[t]he key" in determining whether appointed counsel is warranted "is whether the *pro se* litigant needs help in presenting the essential merits of his position to the court." *Nelson v. McLaughlin*, 608 F. App'x 904, 905 (11th Cir. 2015) (per curiam)

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential merits of his claims, and the applicable legal doctrines are readily apparent. As such, Plaintiff's motion for appointed counsel is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## ORDER TO RECAST

Plaintiff's Complaint arises from his experience at the Bostick Nursing Center in Milledgeville, Georgia.[2] Plaintiff's filings are construed to allege that the facility imposes improper and discriminatory restrictions on his parole in violation of his due process rights, and the application of certain rules of the parole board to Plaintiff violates the ex post facto clause. Am. Compl. 7, ECF No. 4; Mot. Appoint Counsel 11, 14, ECF No. 7; Mot. Am. 5, 7, ECF No. 5.

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

[2] The Bostick Nursing Center is a nursing facility that houses elderly or infirm parolees who would otherwise have difficulty finding appropriate housing when they are released from prison. In addition, the facility "serve[s] patients with mental illness and behavioral health issues." *See* Nursing home for ex-inmates opens in Milledgeville, (Nov. 29, 2016), https://www.11alive.com/article/news/local/nursing-home-for-ex-inmates-opens-in-milledgeville/85-358526502.

He also appears to contend that the state has discriminated against parolees with disabilities by requiring those individuals to reside at Bostick Nursing Center rather than in the community at large. Mot. Appoint Counsel 3, ECF No. 7.

Plaintiff also suggests that he is not receiving appropriate medical care at Bostick. Mot. Appoint Counsel 3, ECF No. 7; *see also* Am. Compl. 5, ECF No. 4. More specifically, it appears Plaintiff is contending that he and other parolees have been improperly diagnosed with "serious mental health issues" and medicated with drugs that amount to "chemical restraints." Mot. Appoint Counsel 4-6, ECF No. 7. He also alleges he "needs pain management" that he has not been getting at Bostick and that he is suffering from other symptoms to include "blood in his stool and blood in his urine," swelling, and at least one episode where he lost consciousness, fell, and was injured. *Id.* at 4-8; Am. Compl. 7, ECF No. 4; Mot. Am. 2, ECF No. 5. Plaintiff states various individuals have retaliated against him because he has filed grievances and lawsuits, and he complains that the "wheel chair fire hazard doors are not accessible" at the facility. *See, e.g.,* Am. Compl. 5, 7, ECF No. 4; Mot. Am. 5-6, ECF No. 5. Plaintiff even mentions at one point that he was stabbed, although the circumstances of this incident are unclear. Am. Compl. 8, ECF No. 4.

The Federal Rules of Civil Procedure do not allow Plaintiff to include every imaginable claim that he may have against any state official in a single complaint. Instead, the rules permit a plaintiff to join only related claims and defendants in a single complaint. To properly join defendants under Federal Rule of Civil Procedure 20(a)(2), the plaintiff must establish that he is asserting a right to relief against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," <u>and</u> that "any question of law or fact common to all defendants will arise in the action."

3

The Eleventh Circuit applies the "logical relationship" test to determine whether claims arise from the same transaction or occurrence for joinder purposes. *See, e.g., Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing *Republic Health Corp. v. Lifemark Hosp. Corp. of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985)).[3] "Under this test, there is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Republic Health Corp.*, 755 F.2d at 1455 (internal quotation marks omitted). In exercising its discretion regarding joinder, the Court should "provide a reasoned analysis that comports with the requirements of the Rule" and "based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009). The Court's discretion is also informed by the PLRA and its goals of preventing unwieldy litigation, ensuring the payment of filing fees, and limiting prisoners' ability to bring frivolous cases. *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Given the number of documents containing factual allegations that may be related to this case and the lack of a clearly discernible logical relationship between Plaintiff's claims, Plaintiff is **ORDERED** to recast his Complaint to include all amendments and facts he wishes to make a part of this case. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or <u>related</u> claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his constitutional rights.

---

[3] The standard for whether claims arise from the same transaction or occurrence for Rule 20 purposes is the same as that used for compulsory counterclaims under Federal Rule of Civil Procedure 13. *See Smith*, 728 F. Supp. 2d at 1319.

Case 5:23-cv-00409-TES-CHW   Document 9   Filed 11/20/23   Page 5 of 7

To that end, it is recommended that, when drafting his statement of claims on the Court's form, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)  *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2)  *When* and *where* did each action occur (to the extent memory allows)?

(3)  *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4)  *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5)  *What* did this defendant do (or not do) in response to this knowledge?

(6)  *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he need not attach supporting documents to his recast complaint, use legal terminology, or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.

Plaintiff may not join claims against multiple defendants in one action unless Plaintiff can establish a logical relationship between the claims in accordance with the Federal Rules of Civil Procedure, as described above. Plaintiff is also cautioned to respond fully and truthfully to each question presented on the standard form, including but not limited to those questions regarding

previous federal lawsuits and whether he has pursued grievances and exhausted his administrative remedies, or he risks dismissal of this case.

**The recast complaint will supersede (take the place of) the original Complaint (ECF No. 1), the Amended Complaint (ECF No. 4), the motion to amend (ECF No. 5), the motion for appointed counsel (ECF No. 7), and any other documents that appear to contain factual allegations that may be relevant to this action. Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.** The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit a recast complaint on this form.

## CONCLUSION

Based on the foregoing, Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit his recast complaint in accordance with the directions above. Because Plaintiff may include in his recast complaint any allegations made in his motion to amend, this motion (ECF No. 5) is **DENIED as moot.** Plaintiff's motion for appointed counsel (ECF No. 7) is **DENIED**, and the Court will defer ruling on Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) until Plaintiff fully complies with this Order. Plaintiff is further **DIRECTED** to notify the Court immediately and in writing of any change in his mailing address. **Plaintiff's failure to fully**

**and timely comply with this Order may result in the dismissal of this action.** There shall be no service of process in this case until further order of the Court.

      **SO ORDERED**, this 20th day of November, 2023.

                                          s/ Charles H. Weigle
                                          Charles H. Weigle
                                          United States Magistrate Judge