IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TRACY ANTHONY MILLER, | : | |
| | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:23-CV-409-TES-CHW |
| | : | |
| BOSTIC NURSING CENTER, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER**

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Tracy Anthony Miller, an individual currently housed at the Bostick Nursing Center in Milledgeville, Georgia, has filed a Recast Complaint (ECF No. 12) seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff has also filed a motion for preliminary injunctive relief (ECF No. 11). In addition, Plaintiff has filed an entirely separate civil action that appears to raise claims that are the same or related to the claims Plaintiff raises in the above-captioned action. For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* in this case (ECF No. 2) is **DENIED as moot**, his motion for a preliminary injunction (ECF No. 11) is **DENIED**, and the above-captioned action will be **CONSOLIDATED** with *Miller v. Georgia Department of Community Supervision*, No. 5:23-cv-00478-TES-CHW (M.D. Ga. Nov. 28, 2023) for all further proceedings.

**MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff has moved for an "emergency preliminary prospective injunction relief and declaration judgment in form of a[] protective order against et. al Defendants

retaliatory methods." Mot. Prelim. Inj. 1, ECF No. 11. Plaintiff also appears to seek an injunction prohibiting Defendants from requiring him to be involuntarily medicated with Depakote. *Id.* at 1–2.

A temporary restraining order ("TRO") or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than grant most or all of the substantive relief sought in the complaint. *See, e.g.*, *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).[1] Factors a movant must show to be entitled to a TRO include: "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (per curiam).

Plaintiff does not clearly address these factors in his motion, and at this juncture the facts have not been sufficiently developed to conclude that there is a substantial likelihood that Plaintiff will ultimately prevail on the merits. Furthermore, the Defendants have not been served or had a meaningful opportunity to respond to Plaintiff's allegations. *See generally* Fed. R. Civ. P. 65. Defendants should be afforded an opportunity to respond to Plaintiff's allegations, and any claims for injunctive relief can be addressed as this case proceeds. Accordingly, Plaintiff's motion for preliminary injunctive relief or a temporary restraining order (ECF No. 11) is **DENIED.**

---

[1] The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam); *Windsor v. United States*, 379 F. App'x 912, 916–17 (11th Cir. 2010) (per curiam).

## ORDER TO CONSOLIDATE

As noted above, while Plaintiff's claims are based upon his current experience at the Bostick Nursing Facility, he also recently filed another § 1983 case against many of the same Defendants that appears to be based on these same allegations. *See Miller v. Georgia Department of Community Supervision*, No. 5:23-cv-00478-TES-CHW (M.D. Ga. Nov. 28, 2023). Rule 42(a) of the Federal Rules of Civil Procedure authorizes this Court to consolidate actions that "involve a common question of law or fact."[2] Consolidation of Plaintiff's cases will conserve judicial resources and permit more efficient resolution of Plaintiff's claims. It is therefore **ORDERED** that this case, 5:23-cv-00409-TES-CHW (M.D. Ga. Oct. 18, 2023) be **CONSOLIDATED** into *Miller v. Georgia Department of Community Supervision*, No. 5:23-cv-00478-TES-CHW (M.D. Ga. Nov. 28, 2023) and that the above-captioned case be **ADMINISTRATIVELY CLOSED**. Plaintiff's pending motion to proceed *in forma pauperis* (ECF No. 2) in this case may be **TERMINATED as moot**. The Clerk is also **DIRECTED** to file the Recast Complaint in this case (ECF No. 12) as an Amended Complaint in Case No. 5:23-cv-00478-TES-CHW so that the Court may consider each of the claims raised in that document in the consolidated action.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* in this

---

[2]"[T]he lack of any Rule 42(a) motion from any party in either of the two cases is no impediment to consolidation if the relevant considerations warrant same." *Chambers v. Cooney*, No. 07-0373-WS-B, 2007 WL 3287364, at *1 (S.D. Ala. Nov. 2, 2007) (citing *Devlin v. Transp. Comm. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) ("A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*.")).

3

case (ECF No. 2) is **DENIED as moot**, his motion for a preliminary injunction (ECF No. 11) is **DENIED**, and the above-captioned action will be **CONSOLIDATED** with *Miller v. Georgia Department of Community Supervision*, No. 5:23-cv-00478-TES-CHW (M.D. Ga. Nov. 28, 2023) for all further proceedings. Plaintiff is further **DIRECTED** to notify the Court immediately and in writing of any change in his mailing address. **Plaintiff's failure to fully and timely comply with the orders and instructions of the Court may result in the dismissal of this action.** There shall be no service of process in this case until further order of the Court.

      **SO ORDERED**, this 8th day of December, 2023.

                                  S/ Tilman E. Self, III
                                  **TILMAN E. SELF, III, JUDGE**
                                  **UNITED STATES DISTRICT COURT**